McCULLOUGH, Judge.
On 2 October 2000, defendant pled guilty to obtaining advances under promise to work in Wake County District Court. Defendant appealed to the superior court for a trial de novo. The State's evidence tended to show that on 19 October 1999, defendant gave Lynn Goss a written estimate for painting the outside of her house. Defendant went to Goss' house on 6 November to obtain a $460 down payment from Goss. Defendant asked Goss to make him the payee of the check instead of his company, A Stroke of Brilliance. In exchange, defendant gave Goss a work order, which projected a work start date of 17 November and a projected finish date of 22 November 1999. Defendant cashed the check two days after he received the check.
Defendant did not do any work on Goss' house in November. Goss, however, noticed paint supplies in her backyard on 8 December, and on 10 December, she noticed a one-by-five-foot section of the back of her house painted with primer. After Goss received a letter from defendant on 16 December, but no additional work on the house had been done, Goss contacted the Better Business Bureau and the Attorney General's Office. On 6 January 2000, Goss received another letter, in which defendant apologized for any inconvenience and offered to cancel the contract for a fair price. Goss telephoned defendant at the phone number on the letter and left several messages for him to call her. In February, Goss sent a certified letter addressed to defendant, but it was returned because the addressee did not pick it up. Goss complained to the Raleigh Police Department in March of 2000. Detective S.L. Culpepper tried to contact defendant several times regarding Goss' complaint. On 15 March 2000, Detective Culpepper went to defendant's house and spoke with defendant's wife, who said she would page defendant. Thirty minutes later, defendant walked up to his house, at which time Detective Culpepper arrested defendant.
Defendant moved to dismiss based on insufficient evidence of defendant's fraudulent intent at the time defendant obtained the advance. After hearing arguments, the trial court denied the motion.
Defendant testified that his ability to work was delayed because he had surgery at Wake Med to remove masses on both of his forearms on 12 November 1999. Defendant presented medical bills showing that he had the surgery. He testified that he had informed Goss that he was going to have surgery and that a subcontractor would do the work. Defendant further testified that before he purchased material for the paint job, Goss requested a color change. Defendant testified that Goss did not inform him of the new colors until after November 22nd. Defendant testified that "the new date [] we settled on [was] the week of the 6th[.]" Defendant testified that materials were delivered on the 3rd of December and that subcontractors power washed the house on the 8th of December, sanded and caulked the house on the 10th of December and started priming the house on the 15th of December. Defendant testified that the work was interrupted by rain and cold weather and that he wrote Goss on the 16th of December regarding the delay, but that Goss told him that she wanted him to continue the work. He also testified that the weather was too cold during the month of January to paint Goss' house. Defendant testified that negotiations with Goss broke down and he did not perform any other work on the house. Defendant renewed his motion to dismiss, which was denied.
A jury found defendant guilty as charged. The trial court sentenced defendant to forty-five days in the custody of the Wake County Sheriff, suspended the sentence, and placed defendant on supervised probation for thirty-six months. Defendant appeals.
Defendant contends the trial court erred in denying his motion to dismiss the charge. He argues that the State did not present sufficient evidence that he did not intend to commence work at the time he obtained the advance in order to submit the case to the jury. We disagree.
"To survive a motion to dismiss, the State must offer substantial evidence of each essential element of the offense and substantial evidence that defendant is the perpetrator. Substantial evidence is defined as relevant evidence which a reasonable mind could accept as adequate to support a conclusion." State v. Lee, 348 N.C. 474, 488, 501 S.E.2d 334, 343 (1998) (citations omitted). "Ultimately, the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. If, upon consideration of all the evidence, only a suspicion of guilt is raised, then the evidence is insufficient, and the motion to dismiss should be granted." Id. at 488-89, 501 S.E.2d at 343 (citations omitted).
Defendant was charged with obtaining advances under promise to work and pay for same under N.C. Gen. Stat. § 14-104, which provides:
If any person, with intent to cheat or defraud another, shall obtain any advances in money, provisions, goods, wares or merchandise of any description from any other person or corporation upon and by color of any promise or agreement that the person making the same will begin any work or labor of any description for such person or corporation from whom the advances are obtained, and the person making the promise or agreement shall willfully fail, without a lawful excuse, to commence or complete such work according to contract, he shall be guilty of a Class 2 misdemeanor.
N.C. Gen. Stat. § 14-104 (2003). Our Supreme Court has stated that the State must prove that at the time defendant obtained the advances defendant did not intend to commence work, but used the promise as fraud for the sole purpose of obtaining the advances. State v. Griffin, 154 N.C. 611, 612-13, 70 S.E. 292, 292 (1911). Intent is an attitude or emotion of the mind and is seldom susceptible of proof by direct evidence; it must ordinarily be proven by circumstantial evidence from which it may be inferred. See State v. Liberato, 156 N.C. App. 182, 186, 576 S.E.2d 118, 120 (2003).
Here, defendant cashed the $460 down payment check, which he specifically asked be made out to him, on 8 November and the projected start and finish date of the painting job was 17 November and 22 November, respectively; however, defendant did not accomplish any work on Goss' house in November. This evidence sufficed to go to the jury on the question of whether defendant intended to defraud Goss at the time he entered into the contract. Defendant relies heavily on the evidence that he purchased paint and had subcontractors caulk and prime part of Goss' house in December. At best, this evidence presented a conflict in the State's evidence, which was for the jury to resolve and does not necessitate dismissal. See State v. McKinney, 288 N.C. 113, 215 S.E.2d 578 (1975). "In `borderline' or close cases, our courts have consistently expressed a preference for submitting issues to the jury[.]" State v. Hamilton, 77 N.C. App. 506, 512, 335 S.E.2d 506, 510 (1985), disc. review denied, 315 N.C. 593, 341 S.E.2d 33 (1986) (citations omitted). The trial court properly denied defendant's motion to dismiss.
No error.
Chief Judge MARTIN and Judge CALABRIA concur.
Report per Rule 30(e).